UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**HENRY NJOROGE MUTHIGA #A232-826-014**   CASE NO.  3:26-CV-00597 SEC P

**VERSUS**                                  JUDGE JAMES D. CAIN, JR.

**HERIBERTO TELLEZ**                        MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the court is a Motion for Temporary Restraining Order [doc. 2] filed by petitioner Henry Njoroge Muthiga, seeking a stay of removal and an order prohibiting his transfer during the pendency of his habeas proceedings. Mr. Muthiga admits that he waived his right to appeal his removal order in June 2025 and instead appears to challenge his overstay in detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* doc. 1, p. 2. He also alleges that he filed a motion to reopen his case and adjust his status, which is pending before the immigration court. *Id.* at 5.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's

discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. <u>Albright v. City of New Orleans</u>, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

    Here the court **DENIES WITHOUT PREJUDICE** petitioner's TRO motion because he has not shown a likelihood of success on the merits as required to warrant that extraordinary remedy. Although the length of his detention exceeds the six month period found presumptively reasonable in *Zadvydas*, the Supreme Court indicated that the lapse of the presumptive period does not mandate release and concluded that, "[t]o the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Accordingly, the court will await the government's response on an expedited briefing schedule to determine the foreseeability of his removal. As for the request to prohibit transfer, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." *Lotter v. Lyons*, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that he will be transferred to another facility. Additionally, this court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. *Pena Ramirez v.*

*Noem*, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014)). The court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

For the reasons stated above, the court hereby **ORDERS** that the Motion for Temporary Restraining Order [doc. 2] be **DENIED**. The petition [doc. 1] is referred to the magistrate judge for review on an expedited briefing schedule, to be determined at the magistrate judge's discretion.

**THUS DONE AND SIGNED** in Chambers on the 26th day of February, 2026.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**